IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| KRIZIA L. RANDALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 3:18-cv-879-ECM-SRW |
| | ) |
| T-MOBILE US, INC., | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

*Pro se* Plaintiff Krizia Randall filed this civil rights action against her former employer, Defendant T-Mobile US, Inc., alleging that Defendant is liable to her under Title VII of the Civil Rights Act of 1964 ("Title VII") for race discrimination, a hostile work environment, and/or retaliation. Doc. 1. The court granted Plaintiff's application for leave to proceed *in forma pauperis*,[1] ordering the clerk to defer service of process on Defendant until further order of the court, pending review of Plaintiff's complaint pursuant to the provisions of 28 U.S.C. § 1915(e). Doc. 6 at 2.

Upon review of Plaintiff's complaint (Doc. 1), the court ordered Plaintiff to file an amended complaint. Doc. 9 at 6. The court indicated that

---

[1] [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress. 28 U.S.C. § 1915(a)(1).

1

> [t]he amended complaint shall comply with the Federal Rules of Civil Procedure and shall (i) clearly state which causes of action [Plaintiff] intends to state against the Defendant, and (ii) for each cause of action alleged, set forth all of the material facts giving rise to the cause of action clearly and concisely, without omitting any of the necessary facts as discussed in this order.

*Id*. at 6–7.

Plaintiff filed an amended complaint on October 11, 2019. Doc. 12. Upon review of the amended complaint, the court finds that Plaintiff's amended complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In relevant part, § 1915(e) provides that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . is frivolous or malicious [or] . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B).

Although the court construes *pro se* pleadings liberally, *see Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003), *pro se* litigants must nonetheless follow the procedural rules, and the court will not be required to rewrite a deficient pleading. *See GJR Invests., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Randall v. Scott*, 610 F.3d 701, 710 (11th Cir. 2010) (relying on *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "Federal Rule of Civil Procedure 12(b)(6) standards govern [a court's] review of dismissals under section 1915(e)(2)(B)(ii)[.]" *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Jones v. Brown*, 649 F. App'x 889, 890 (11th Cir. 2016) (citing *Mitchell*, *supra*) ("We review the district court's dismissal for failure to state a claim for which relief may be granted pursuant to § 1915(e)(2)(B)(ii) *de novo*, applying the same

standards that govern Federal Rule of Civil Procedure 12(b)(6).""). In considering a Rule 12(b)(6) motion, the court

> must view the complaint in the light most favorable to the plaintiff, accepting all of the plaintiff's well-pleaded facts as true. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1057 (11th Cir. 2007). *Pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by attorneys. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). However, in order to survive a motion to dismiss, the plaintiff's complaint must contain facts sufficient to support a plausible claim to relief. [*Iqbal*, 556 U.S. at 678].

*Id.* Additionally, Federal Rule of Civil Procedure 8 requires that a plaintiff file a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Therefore, even if liberally construed, Plaintiff's amended complaint (Doc. 11) must minimally satisfy Rule 8 to survive review under § 1915(e). Furthermore, an amended complaint entirely supersedes all prior complaints. *See Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007); *Fritz v. Standard Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982) (finding that under the Federal Rules of Civil Procedure an amended complaint supersedes the original complaint). Once a complaint is amended, the only issues before the court are those raised in the amended document, and the plaintiff may not rely upon or incorporate by reference her prior pleadings. This court has reviewed Plaintiff's amended complaint (Doc. 12) in light of the foregoing principles.

    1. *Facts Alleged in Amended Complaint*

In her amended complaint, Plaintiff alleges that, on an unspecified date, she was transferred to the "T-Mobile Tiger Town store," where she experienced "harassment" from "the first day." *Id*. at 2. She alleges that her peers would make fun of the Spanish language when she was speaking it and would call her "Light Skin, Mexico, Puertorico." *Id*. On an unspecified date, Plaintiff "requested not to be scheduled on specific times of three days of the week," so she could attend "religious meeting[s]." *Id*. at 3. According to Plaintiff, her manager stated that "HR didn't approve" the requested schedule change, "even though that was false." *Id*. She alleges that, "from the moment I notified my direct manager that I had become an active Jehovah's Witness, I experience[d] harassment and discrimination," specifically in the form of the manager's "criticism" and laughter about her beliefs. *Id*. Plaintiff avers that, after her requested schedule change was granted, she overheard the manager and her peers saying "that they were going to say they were Muslim so they can have Saturdays off." *Id*. It was around this time that Plaintiff's manager "stopped all communications" with her, ceased coaching her in the performance of her job duties, and "created a click [*sic*]" against her. *Id*. Plaintiff maintains that associates screamed in her face, cornered her, and followed her around the store. *Id*. Plaintiff states, "[a]fter I reported the harassment to HR, they conducted an investigation and instead of them trying to get to the bottom of the harassment, they were asking questions about me, trying to find any reasons to fire me." *Id*. Plaintiff apparently "got promoted" after she "submitted the complaint to HR," but her direct manager "retaliated and started harassing [her] to put [her] in bad standing." *Id*. at 2. Plaintiff alleges that, as a result, she "became frightened and experienced depression, paranoia, and anxiety." *Id.* at 3. Plaintiff states that she was "away

4

from work on medical leave" beginning on an unspecified date and returning on "November, 20th, 2017," but that when she attempted to return to work, her employment was terminated, effective immediately, notwithstanding the fact that her manager had promised to help her transfer to a different T-Mobile location. *Id.* at 4.

Plaintiff expressly alleges Defendant's liability under Title VII for race and religious discrimination, retaliation, and wrongful termination arising out of these facts. *Id*. at 1. Unlike the original complaint, Plaintiff's amended complaint does not allege a Title VII hostile work environment claim.[2]

2. *Discrimination on the Basis of Disability*

As an initial matter, Plaintiff's new allegation of disability discrimination is not properly before the court. Doc. 12 at 1. Prior to filing an action under Title VII, "a plaintiff must first file a charge of discrimination with the EEOC." *Gregory v. Ga. Dept. of Human Res.*, 355 F.3d 1277, 1279 (11th Cir. 2004); *see also Chanda v. Engelhard/ICC*, 234 F.3d 1219, 1225 (11th Cir. 2000). A plaintiff's federal court complaint is "limited by the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Gregory*, 355 F.3d at 1280 (citation, internal quotation marks omitted). Likewise, to assert a claim under the Americans with Disabilities Act ("ADA"), an employee "must comply with the same procedural requirements to sue under Title VII," so a timely EEOC charge is required under the ADA as well. *See, e.g.*, *Fry v. Muscogee Cnty. Sch. Dist.*, 150 F. App'x. 980, 981–982 (11th Cir. 2005); *Zillyette v. Capital One Fin.*

---

[2] The court does not condone harassment based on religion, race, or national origin. However, as noted above, plaintiff's amended complaint supersedes all prior complaints.

5

*Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999); *Harbuck v. Kelley Foods of Ala., Inc.*, 2006 WL 827109 at *2 (M.D. Ala. 2006); 42 U.S.C. § 12117(a) (applying remedies and procedures of Title VII to ADA). Novel allegations are permissible to the extent that they "amplify, clarify, or more clearly focus the allegations in the EEOC complaint," but allegations of new acts of discrimination are prohibited. *Gregory*, 355 F.3d at 1279–1280 (citation and internal quotation marks omitted).

In her amended complaint, Plaintiff alleges that, "during my time at T-Mobile in Opelika, AL, I experienced a lot of discrimination regarding my disability." Doc. 12 at 2. However, nothing in Plaintiff's EEOC filing mentions discrimination based on alleged disability or any complaint about such discrimination. The court concludes that a reasonable investigation based on the EEOC charge would not and did not encompass discrimination based on disability. Therefore, Plaintiff's claim of disability discrimination (*Id.* at 1–3) is due to be dismissed.

   3. *Title VII Discrimination*

Plaintiff also contends that Defendant is liable to her under Title VII for race and religious discrimination. Doc. 12 at 1–2. It is unlawful under Title VII for a covered employer to discriminate against any individual in connection with the terms and conditions of employment because of that individual's membership in a protected class such as a religion or race. *See* 42 U.S.C. § 2000e-2(a)(1). An employer is covered for Title VII purposes if the employer employed fifteen or more employees on each work day in each of twenty or more calendar weeks in the current or preceding calendar year. *See* 42 U.S.C. § 2000e(b). Plaintiff's amended complaint does not expressly allege the number of

6

persons employed by Defendant but, for present purposes, the undersigned assumes *arguendo* that it may fairly be inferred from the allegations that Defendant T-Mobile is a large company employing in excess of the threshold number of employees.

To state a *prima facie* race, national origin, or religion discrimination claim under Title VII, a plaintiff must allege that (i) she is a member of a protected class (such as a racial minority or adherent of a religious faith), (ii) she was subjected to adverse employment action, (iii) she was qualified for the job at issue, and (iv) her employer treated one or more employees outside her protected class more favorably, where such other employees were similarly situated in all material respects to the plaintiff. *See Lewis v. City of Union City, Georgia*, 918 F.3d 1213, 1220-1221, 1221-1226 (11th Cir. 2019). From the amended complaint, the court can reasonably infer that Plaintiff is a member of a racial or ethnic minority, and she specifically alleges adherence to the Jehovah's Witness faith. Doc. 12 at 2–3. Plaintiff maintains that she suffered adverse employment action in that her employment was terminated. *Id*. at 2–4. However, apart from stating that "prior to working at the T-Mobile Opelika store, I was never in any type of write up with the company and was a top performer in the company," Plaintiff has not expressly alleged that she was qualified for her position at the time she was terminated. *Id*. at 2. Assuming *arguendo* that Plaintiff was qualified for the job, she also has not alleged any facts to support the conclusion that other persons outside her protected class, but otherwise similarly situated to her in all material respects, were treated more favorably than she. Therefore, the amended complaint is insufficient to state a claim against Defendant for race discrimination, national origin, or religion discrimination under Title VII.

*4. Title VII Retaliation*

Plaintiff also alleges Defendant's liability to her for retaliation under Title VII. Title VII makes it unlawful for employers "to discriminate against . . . [an] employee[ ] or applicant[ ] for employment . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter." 42 U.S.C. § 2000e–3(a). To state a *prima facie* retaliation claim under Title VII, a plaintiff must allege that (i) she engaged in statutorily protected activity, (ii) she was subjected to adverse employment action, and (iii) the employer subjected her to adverse employment action because of her protected activity. *See Chapter 7 Trustee v. Gate Gourmet, Inc.*, 683 F.3d 1249, 1258 (11th Cir. 2012)(citations omitted). Here, Plaintiff has alleged that she filed a human resources ("HR") complaint. Doc. 12 at 2. *See Shannon v. Bellsouth Telecomm., Inc.*, 292 F.3d at 715 n.2 ("Title VII protects not just 'individuals who have filed formal complaints,' but also those 'who informally voice complaints to their superiors or who use their employers' internal grievance procedures.'") (quoting *Rollins v. State of Fla. Dep't of Law Enforcement*, 868 F.2d 397, 400 (11th Cir. 1989)). However, Plaintiff's amended complaint vaguely implies that the subject of her complaint to HR was "harassment" from other "associates" who screamed in her face and aggressively followed her around the store. Doc. 12 at 3. Plaintiff does not specify when the complaint to HR was made, but says that she "got promoted" after submitting it. *Id*. at 2. In the absence of factual allegations linking the subject of the HR complaint to discrimination against Plaintiff because of her national origin, race or religion, the court

cannot reasonably infer that a causal connection existed between Plaintiff's possible protected activity (the HR complaint) and an adverse employment action (termination). Plaintiff's conclusory assertion that her manager "retaliated" against her after she submitted an unspecified complaint on an unspecified date is not enough to state a plausible claim of retaliation. *Id*. Therefore, Plaintiff has not shown that she engaged in statutorily-protected activity under Title VII because she has failed to allege that the acts that she compained of in her complaint to HR were acts of race, national origin, or religious discrimination or retaliation in violation of Title VII. 42 U.S.C. § 2000e-3(a). Accordingly, Plaintiff's claim of retaliation under Title VII is due to be dismissed.

5. *Wrongful Termination*

Plaintiff asserts that she "was wrongfully terminated, being that the reason they said I was terminated for were [*sic*] inaccurate and invalid." Doc. 12 at 4. To the extent that Plaintiff's claims arise under federal statutes, and that wrongful termination is the adverse employment action which Plaintiff asserts as the basis for her federal race and religious discrimination claims, they have been addressed herein. To the extent that Plaintiff intends to assert a state law claim for wrongful termination, that claim is barred by the Alabama employment at will doctrine. *See Barton v. Alabama Electric Co-op., Inc.*, 487 So. 2d 884, 885 (Ala. 1986) ("in the absence of a contract calling for employment for a particular length of time, any wrongful termination claim is barred by Alabama's employment-at-will doctrine . . . No such contract is alleged.") (citing *Meeks v. Opp Cotton Mills, Inc.*, 459 So. 2d 814 (Ala. 1984)). State wrongful termination claims generally require a statutory basis or facts suggesting the existence of an employment contract, neither of which is apparent

9

in the amended complaint. For these reasons, Plaintiff's claim of wrongful termination is due to be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this matter be DISMISSED prior to service of process in accordance with 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the parties shall file any objections to this Recommendation **on or before December 30, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11th Cir. R. 3-1; *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

Done, on this the 16th day of December, 2019.

/s/ Susan Russ Walker  
Susan Russ Walker  
United States Magistrate Judge